COSEY v. DAN W. FEITEL BAG CO., INC.

(January 11, 1932. Opinion and Decree.)
(February 15, 1932. Rehearing Refused.)

Samuel J. Tennant, Jr., of New Orleans, attorney for plaintiff, appellant.

Edward Rightor and W. H. Sellers, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff, a young negro woman, was injured under circumstances admittedly entitling her to compensation at the rate of $7.80 per week, which was paid to her for two weeks following her injury and thereafter discontinued. In this suit judgment is asked for four hundred weeks beginning May 15, 1926, at the rate of $7.80 per week subject to a credit of two weeks.

There was judgment below in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

Plaintiff was an employee in a bag factory operated by defendant and, on the 14th day of May, 1926, while passing a chute, was struck by a bale of burlap which had been thrown down the chute. Her right arm and shoulder were hurt, with the result, it is claimed, that she suffered paralysis of the extensor muscles. Her physician testified as follows:

"I found her suffering with chest sunken in, a fracture of several ribs at the sternal end, the sternal smashed. She has suffered severe pains caused by pressure against thoracic viceries causing difficult breathing and disturbances of heart action, severe pains in the arm and shoulder."

He states that he saw plaintiff about one hundred forty times over a period of four years, during which this suit was pending, and that she was disabled during this period. Two other physicians testified for plaintiff to the effect that there was a form of paralysis of plaintiff's extensor muscles affecting her right arm.

On behalf of defendant two physicians appeared, one of whom, Dr. John T. O'Ferral, was, upon the request of defendant's counsel, appointed by the court as an expert to examine plaintiff and report upon her condition. His report is in the record and is to the effect that plaintiff suffered no paralysis whatever, giving his reasons for his findings in this respect. However, he finds that plaintiff undoubt-

edly suffered a total disability as a result of the accident which he estimates must have continued from six to twelve months. Plaintiff's counsel apparently concedes the correctness of Dr. O'Ferral's conclusion on the question of actual paralysis, but contends that plaintiff had, nevertheless, and still has, "a post-traumatic neurosis in which the patient will suffer from a hysterical paralysis." Some of the medical testimony supports the proposition that such conditions sometimes occur, but there is no showing in the record which would justify a conclusion that this patient was afflicted with hysterical paralysis. Dr. Cessner, the other physician placed upon the stand by defendant, testified that a patient suffering with hysterical paralysis when submitted to the electrical test (Faradic current) would, under the influence of the consequent electrical stimulation, contract the muscles controlling the limb. Plaintiff when submitted to the Faradic current exhibited normal muscular contraction.

We conclude, therefore, that plaintiff's arm was not paralyzed as a result of the accident. She was, however, seriously injured, and considering all of the expert testimony we are of the opinion that she should be allowed compensation for a period of fifty-two weeks.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Mrs. Anna Cosey, wife of Alex Dixson, and against defendant, Dan W. Feitel Bag Company, Inc., for fifty-two weeks beginning May 15, 1926, at the rate of $7.80 per week, together with legal interest on each installment from its due date subject to a credit of $15.60 covering two installments, and for all costs.